**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT R. SNYDER, | No. 21-55105 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01741-LAB-DEB |
| v. | |
| KATHLEEN ALLISON, Warden, CDCR Secretary; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

California state prisoner Robert Snyder appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-courts

and retaliation claims.   We have jurisdiction under 28 U.S.C. § 1291.   We review

de novo a dismissal under 28 U.S.C. § 1915A.   *Resnick v. Hayes*, 213 F.3d 443,

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

447 (9th Cir. 2000). We affirm.

The district court properly dismissed Snyder's action because Snyder failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (to plead an actual injury for a access-to-courts claim, the complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a),[ ] just as if it were being independently pursued"); *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (elements of an access-to-courts claim and actual injury requirement); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion in denying Snyder leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend).

We do not consider Snyder's challenge to the denial of his motion for a

21-55105

temporary restraining order because in Case No. 19-56521, we concluded that we lacked jurisdiction over such a challenge.

We reject as unsupported by the record Snyder's contention that the district court failed to analyze properly his amended complaints.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**